## MEXICAN CENT. RY. CO. v. KNOX.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1902.)

### No. 1,071.

**MASTER AND SERVANT—LAWS OF MEXICO—FELLOW SERVANTS IN RAILROAD SERVICE.**

Under the laws of the republic of Mexico, an employé of a railroad company does not assume the risk of injury through the negligence of a co-employé, but the company is liable for such an injury in the absence of contributory negligence.

In Error to the Circuit Court of the United States for the Western District of Texas.

Mr. Davis, for plaintiff in error.

Millard Patterson and C. N. Buckler, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. An examination of the record, in connection with the very able and elaborate briefs of counsel, satisfies us that the pleadings and evidence in the case warranted the trial judge in charging the jury to the effect that, under the laws in force in the republic of Mexico at the time the defendant in error received his injuries, railway corporations were liable for all faults or accidents occurring through tardiness, negligence, imprudence, or want of capacity of their employés, and this although the injury resulting was to another employé of the company, himself without fault; or, in other words, in the Republic of Mexico the employé of a railway corporation does not assume, as one of the risks of his employment, the negligence of a co-employé.

This disposes of the first assignment of error. The remaining assignments of error complain in different ways of the failure of the trial court, in view of plaintiff's contributory negligence, to instruct the jury to find a verdict for the defendant; and, in regard to these assignments, all that it is necessary to say is that, while the evidence is neither very complicated nor conflicting, yet it is not clear that from it all reasonable men would draw the same conclusions in respect to whether the plaintiff below, through his own fault and negligence, contributed to his own injury.

The case seems to have been submitted on a very fair and impartial charge, to which no objection is made, and in which the jury were distinctly and specifically instructed that if they "found from the testimony that the plaintiff himself was guilty of negligence in the respects mentioned by defendant's counsel (which were recited), or in any other respect, and this negligence or want of due and proper care for himself contributed to his injuries, then he could not recover."

The judgment of the circuit court is affirmed.